### No. 304

JURGAN, a Minor, v. CHAIN PRODUCTS CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5424.  Decided Jan. 19, 1925.

Middleton, Mauck and Sayre, 4th District, sitting.

923.  PLEADING—Plea that there was an implied invitation which resulted in injury to a minor is plea of a legal conclusion.

MAUCK, J.

Fred Jurgan, a minor, brought an action in the Cuyahoga Common Pleas by his next friend, Ferdinand Jurgan, against the Chain Products Co. for injuries sustained by the child, because of the explosion of a carboy of acids.  The trial court sustained a demurr to the amended petition of Jurgan.  Error was prosecuted reverse of the Common Pleas.

Jurdan interprets the pleading in question as showing that the boy was permitted on the premises, and, after having been so permitted, new danger was added to the place where the boy was permitted, and the creation of this new danger in the vicinity of the child was active negligence.

The Court of Appeals held:

1.  The record shows that the pleading contained the following, in part—"they were supposed to be empty, but at all times herein mentioned the defendant knowingly, carelessly and negligently allowed one or two of these carboys to contain a certain substance known as nitric or some other acid.

2.  These averments charge that the dangerous condition complained of were continuous during all that time that the boy was in the premises of the Chain Co., there was therefore, no new danger.

3.  The petition avers that this was an implied invieation extended to the boy, but that is not a proper nor effective method of pleading such an invitation.  The facts from which the invitation must be implied must be set forth to the end that the court may determine whether such implication may be drawn therefrom.  The Plea of an implied invitation is a legal conclusion only.

The demurrer to the amended petition was properly sustained and judgment affirmed.

Attorneys—Charles T Rich, for Jurgan, John F. Wilson and H. H. Gorman, for Chain Co.; all of Cleveland.

### No. 305

SHINEW v. HUFFMAN, Rec.

Ohio Appeals, 6th Dist, Wood Co.

No. 334.  Decided March 2, 1925.

677.  JUDGMENT — Nothwithstanding the verdict, it can be rendered only upon the pleadings.

RICHARDS, J.

Thimas Shinew brought this action in the Wood Common Pleas for the purpose of recovering of A. E. Huffman, Receiver of the Lyman Oil Co., for rentals claimed to be due on an oil lease.  The trial resulted in a verdict in favor of Shinew, but on motion for a judgment non obstante verdicte judgment was rendered by the judge in favor of Huffman.

Error was prosecuted and the Court of Appeals held.  That only the pleadings can be considered in the rendition of a judgment notwithstanding the verdict. That there is nothing in the pleadings to show that the receiver ever became liable for the rent, hence the judgment is sought. Judgment affirmed.

Attorneys—William Dunipace, for Shinew; E. K. Solether and K. M. Fries, for Huffman; all of Bowling Green.